IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:16-CR-00082 |
| | : | |
| v. | : | |
| | : | (Judge Yvette Kane) |
| SCOTT LANE, | : | |
| BRUCE EDGECOMBE, | : | |
| WILLIAM STAPLES, | : | Electronically Filed |

### BRIEF IN SUPPORT OF JOINED-IN PRETRIAL MOTIONS

AND NOW, comes Scott Lane, by and through CJA counsel, Gerald A. Lord, Esquire, joined by co-counsel for defendants Bruce Edgecombe and William Staples, and files the within brief:

#### I. INTRODUCTION

The defendant, Scott Lane (hereinafter "Lane"), joins in, and adopts by reference thereto, the briefs filed by the co-defendants in support of their respective motions to dismiss. Furthermore, Lane joins in, and adopts by reference thereto, the Brief in Support of Motion for Bill of Particulars filed by co-defendants.

#### II. COUNT NINE OF THE SUPERSEDING INDICTMENT SHOULD BE DISMISSED

Within the criminal indictment there "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). A defendant may challenge a defect in the indictment where there is a "failure to state an offense . . . ." Fed. R. Crim. P. 12(b)(3)(B)(v).

An essential element of Section 2251(a) is that there was a "visual depiction . . . transmitted using materials that have been mailed, shipped, and transported in . . . interstate and foreign commerce . . . ." 18 U.S.C. § 2251(a). In this case the Government has cited no "materials" that have been shipped in interstate commerce and, in Lane's case, as to Count Nine, the criminal activity of live abuse of a minor does not constitute "materials." Furthermore, child pornography is defined as follows:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> **(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . .

18 U.S.C.A. § 2256(8)-(8)(A).

Regardless of the nature of the evidence presented to the grand jury, as long as it supports probable cause, Lane cannot challenge the evidence submitted to the grandy jury. *Costello v. United States*, 350 U.S. 359 (1956). Lane is not contending that the nature of the evidence presented to the grand jury was deficient or otherwise inadmissible. Instead, Lane is contending that the Government did not present any evidence of child pornography, specifically materials, that would meet the elements necessary to establish violation of 18 U.S.C. § 2251(a).

It is believed the Government did not locate any child pornography on Lane's computer related to the July 22, 2015, criminal acts of co-defendant

William Augusta against his six-year-old brother. In that the criminal acts of William Augusta cannot be converted to a child pornography crime against Lane under 18 U.S.C. § 2251(a), the Indictment was essentially "[in]valid on its face . . . ." *Costello v. United States*, 350 U.S. 359, 363 (1956).

In that the Government has failed to state a criminal offense that is indicatable under 18 U.S.C. § 2251(a), it is respectfully submitted that this charge should be dismissed.

### III. COUNT TEN OF THE SUPERSEDING INDICTMENT SHOULD BE DISMISSED

Count Ten of the Superseding Indictment charges Lane with conspiracy pursuant to 18 U.S.C § 2251(e). Section 2251(e) provides as follows:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . . .

18 U.S.C.A. § 2251(e).

Clearly, Subsection (e) is a penalty provision and not a separate criminal conspiracy provision. The charge of criminal conspiracy is covered in Chapter 19 of the United States Code:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C.A. § 371.

A person who violates 18 U.S.C. § 371, and who is convicted of such violation, is subject to the United States Sentencing Guidelines at 2(A)1.5 and 2(C)1.1. U.S.S.G. Statutory Index – Appendix A. By contrast, 18 U.S.C. § 2251(a), (b), (c), and (d) are subject to sentencing guidelines, but 18 U.S.C. § 2251(e) is not subject to a sentencing guideline. U.S.S.G. Statutory Index – Appendix A.

In this case, Lane is already charged with violation of Section 2251(a), so essentially the Government is charging him with the same crime twice under a conspiracy theory. This is a fatal defect in that the Government is "charging the same offense in more than one count . . . ." Fed. R. Crim. P. 12(b)(3)(B)(ii).

### IV. COUNTS ELEVEN, TWELVE, AND THIRTEEN OF THE SUPERSEDING INDICTMENT SHOULD BE DISMISSED

Lane incorporates the arguments previously raised for dismissal of Counts Nine and Ten, but on the ground that there is no language in 18 U.S.C. § 2252(a)(2) that criminalizes a "live visual depiction" of sexual abuse of a minor.

Chapter 110 of the United States Code addresses "sexual exploitation and other abuse of children." Chapter 110 was developed and promulgated due to the rampant use of, and distribution of, child pornography. *See* PL 110–358, § 102, Oct. 8, 2008, 122 Stat 4001; PL 109-248, Title V, § 501, July 27, 2006, 102 Stat 623; PL 108-21, Title V, § 501, Apr. 30, 2003, 117 Stat 676; PL 104-208, Div. A, Title I, § 101(a), Sept. 30, 1996, 110 Stat 3009-26; PL 99-500, Title I, § 101(b), Oct. 30, 1986, 100 Stat 3341-74; PL 99-500, Title I, § 101(b), Oct. 30, 1986, 100 Stat 3341-75.

Section 2252 provides in pertinent part that a person is guilty of sexual exploitation of minors if the person "knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce . . . ." 18 U.S.C.A. § 2252(a)(2). Section 2252(a)(2) contains no language that penalizes, as a criminal act, the viewing of live visual sexual abuse by a party or parties at another location.

The language in Counts Eleven, Twelve, and Thirteen contains no specific factual averments that would support the contention that the Government has probable cause to allege a violation of Section 2252(a)(2). Due to the "lack of specificity . . ." Counts Eleven, Twelve, and Thirteen should be dismissed. Fed. R. Crim. P. 12(b)(3)(B)(iii).

Furthermore, Lane has not been accused of committing any child pornography acts between April 11, 2014 and May 11, 2016, so it is respectfully submitted that the Government improperly joined Lane's case to that of the others, in violation of Fed. R. Crim. P. 12(b)(3)(B)(iv).

Finally, in that the viewing of the live sexual abuse of a minor, and submitting of comments related thereto, do not fit within the definition of Section 2252(a)(2), the Superseding Indictment against Lane should be dismissed because of "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

## V.   LANE'S CASE SHOULD BE SEVERED FROM THE CASES OF HIS CO-DEFENDANTS

The United States Supreme Court has previously held that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The United States Court of Appeals for the Second Circuit has previously stated as follows: "A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

In this particular case, the only criminal activity between April 11, 2014 and May 11, 2016, attributable to Lane is the alleged viewing of live sexual abuse on July 22, 2015. The Defense is aware of no evidence in possession of the Government that would support the contention that Lane engaged in child pornography, or conspired to engage in child pornography, on any other date between April 11, 2014 and May 11, 2016, besides July 22, 2015. Accordingly, should the jury see multiple items of highly sensitive and horrific child abuse material, presented over multiple days in a jury trial, Lane would be subject to sever prejudice and may not obtain a fair verdict from the jury.

If the Court severs Lane's case from that of the others, Lane's right to a fair trial would be preserved. Of course, trying Lane's case with the others can "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Furthermore, "judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). However, Lane avers that there will be "*clear and substantial prejudice* resulting in a *manifestly unfair trial.*" *Id*. at 568. Consequentially, Lane's case should be severed and tried separately from that of the other co-defendants.

### VI.  LANE'S STATEMENTS ON APRIL 12, 2015, SHOULD BE SUPPRESSED

#### A.  Self-incrimination – Fifth Amendment

Although not specifically handcuffed, and although he was not told he was under formal arrest, the Defense maintains that Lane was subject to a custodial interrogation and, while he was being interrogated, Lane made statements to law enforcement officers that the Government will use against him to obtain a conviction at trial.

Under the Fifth Amendment to the United States Constitution "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The United States Supreme Court has held that statements taken

during a custodial interrogation, without warning a suspect about the right to counsel, the right to remain silent, the fact that statements made during the custodial interrogations may be used against the suspect at trial, and the right of a suspect to have an attorney present during the interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966).

Although Lane is not alleging that he was handcuffed, and advised he was under arrest, prior to making incriminating statements, he is alleging that the totality of the circumstances established that his freedom of movement was so severally curtailed, that statements made during the interrogation were tantamount to statements made while in custody. In other words, even though Lane was not formally arrested at the time he made his statements, he was nonetheless in police custody and he was subject to an interrogation, while in custody, during which he made statements that the Government would try to use against him at trial. *California v. Beheler*, 463 U.S. 1121 (1983).

At the time of Lane's interrogation, he was alone in his apartment, ingress and egress to and from the apartment were blocked, multiple officers occupied a large portion of the apartment, two or more officers engaged in questioning of Lane, Lane's access to his personal property was severally curtailed, and agents controlled Lane's movements within his apartment. Accordingly, the issue is whether "[under] the circumstances surrounding the interrogation . . . would a

reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995).

The statements given by Lane while illegally subject to a custodial interrogation may help the Government obtain a conviction during Lane's trial. The United States Supreme Court has previously observed as follows:

> A confession is like no other evidence. Indeed, "the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him . . . Certainly, confessions have profound impact on the jury, so much so that we may justifiably doubt its ability to put them out of mind even if told to do so."

*Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (quoting *Bruton v. United States*, 391 U.S., 123, 139–140 (1968) (WHITE, J., dissenting))

It is well established "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The warnings required by *Miranda v. Arizona* extend to custodial interrogations that take place even within the suspects home. *Michigan v. Summers*, 452 U.S. 692 (1981).

Under the totality of the circumstances, Lane's right to be free from compulsory self-incrimination, under the Fifth Amendment to the United States Constitution, was violated on April 12, 2016.

Custody has been previously defined as "[a] formal arrest or restraint on freedom of movement . . . ." *California v. Beheler*, 463 U.S. 1121, 1125 (1983). The restriction of "freedom of action in any significant way . . ." could lead a fact finder to conclude that there is the equivalent of a formal arrest. *Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004). In this case, Lane was specifically ordered not to touch things, and he was limited in his movements, in a small and confined space, with numerous officers around him. Accordingly, although he was permitted limited movement in his apartment, a handcuffed arrestee is also allowed limited movement and, in the absence of handcuffs alone, the Government should not be permitted to maintain that Lane was not under arrest at the time he was questioned. In that Lane was not given permission to waive his right to counsel, and his right to remain silent, the Government should not be allowed to use the fruits of their interrogation at trial. *See United States v. Lafferty*, 503 F.3d 293 (3d Cir. 2007).

Government agents were aware of the seriousness of the criminal activity they were investigation, they were aware that Lane was the primary target, and they were aware that Lane found himself in an intimidating environment, all of which support the contention that Lane was subject to illegal questioning while he was in custody.

### B. Right to Counsel – Sixth Amendment

On the way to the courthouse, after his arrest and removal from his premises, law enforcement personnel informed Lane that he had already be indicted. Consequently, when Lane was questioned by law enforcement officials in his apartment, he was questioned under circumstances in which he was unaware that he had already been indicted by a grand jury.

The Sixth Amendment to the United States Constitution, in pertinent part, states as follows: In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A person's right to counsel arises in a criminal case where a prosecution has already been initiated "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).

In this case the Government has already initiated a prosecution against Lane, by way of indictment, twelve days before Lane was questioned by law enforcement personnel. In that he was not informed of his right to have counsel, all statements he made to Government personnel, in his apartment, on April 12, 2016, should be suppressed and ruled inadmissible at Lane's trial.

### VII. THE COURT SHOULD GRANT LANE'S REQUEST FOR PARTICULARS

Although Lane is charged with engaging in criminal activity with other co-defendants between April 11, 2014 and May 11, 2016, Lane is unaware of any

criminal conspiracy, or aiding and abetting, that would have occurred on any date other than July 22, 2015. Under Rule 7 "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The Sixth Amendment to the United States Constitution specifically states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI. Lane is respectfully requesting that a bill of particulars be ordered so that he can (1) be prepared to face the evidence against him; (2) avoid surprise; and (3) avoid further charges on future occasions. *See Wong Tai v. U.S.*, 273 U.S. 77, 80-81 (1927); *See also U.S. v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).

For the reasons stated in the briefs of Lane's co-defendants and based on the averments within, Lane requests that this Honorable Court order the Government to file and provide a bill of particulars.

Respectfully submitted,

/s/ Gerald A. Lord

Gerald A. Lord, Esquire
LORD LAW, LLC
45 North Queen Street
York, PA 17403
(717) 850-2274
Sup. Ct. I.D. No. 49539

# CERTIFICATE OF SERVICE

AND NOW, this 21st day of July, 2017, the Undersigned certifies that he is a person of suitable age and discretion to be competent to serve papers. The undersigned further certifies that in accordance with Local Rule 5.7, he served a copy of the attached document upon the following persons in the manner indicated below:

By ECF filing addressed to all parties of record.

Additionally, I hereby certify that I served the brief by first class mail addressed as follows:

Scott Lane
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Respectfully submitted,

/s/ Gerald A. Lord

Gerald A. Lord, Esquire
LORD LAW, LLC
45 North Queen Street
York, PA 17403
(717) 850-2274
Sup. Ct. I.D. No. 49539