## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-82 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| DYLAN HEATHERLY, | : | |
| Defendant | : | Electronically Filed |

## <u>BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT</u>

AND NOW, this 21st day of July, 2017, comes the Defendant, Dylan Heatherly, by and through his counsel, Robert J. Daniels, Esquire, of Killian & Gephart, LLP, and files this Brief in Support of Motion To Dismiss Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii).

# **TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   THE SUPERSEDING INDICTMENT. . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    Legal Standard.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     B.    Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         Lack of Specificity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         Failure to State Offenses Charged. . . . . . . . . . . . . . . . . . . . . . . . 9

         Failure to State Offense of Conspiracy.. . . . . . . . . . . . . . . . . . . . 14

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

Hamling v. United States, 418 U.S. 87 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

Russell v. United States, 369 U.S. 749 (1962). . . . . . . . . . . . . . . . . . . . . . . . . 7-9

United States v. Cochran, 17 F.3d 56 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . 7

United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . 15

United States v. Hedaithy, 392 F.3d 580 (3d Cir. 2004). . . . . . . . . . . . . . . . . . . 10

United States v. Huet, 665 F3.d 588 (3d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . 5

United States v. Kemp, 500 F.3d 257 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . 5

United States v. Rankin, 870 F.2d 109 (3d Cir. 1989). . . . . . . . . . . . . . . . . . . . 5

United States v. Kozinski, 16 F.3d 795 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . 15

United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). . . . . . . . . . . . . . . . . . . . 6, 9

**STATUTES and RULES**                                       **PAGE(S)**

U.S. Const. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Crim. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 2251. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 13, 14

18 U.S.C. § 2252. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 12

18 U.S.C.A. § 2256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14

## I.     Procedural History.

On or about March 30, 2016, a seventeen (17) count Indictment was returned in the above-captioned matter.  Defendant, Dylan Heathlerly, was charged in the original Indictment as John Doe-9 , a.k.a. "Daniel Sotherland." (Doc. 1).

On or about May 11, 2016, an eighteen (18) count Superseding Indictment was returned in the above-captioned matter charging fifteen (15) defendants.  Defendant Heatherly was charged at Counts 11, 12, 13, and 17.  The Superseding Indictment also included a Notice of Forfeiture as to Defendant Heatherly.  (Doc. 143).

On May 17, 2016, Defendant Heatherly appeared in connection with the offenses charged in the Superseding Indictment.  Defendant Heatherly entered a plea of not guilty and was ordered to be detained pending Trial.  Undersigned counsel was subsequently appointed by this Honorable Court to represent Defendant Heatherly in the above-captioned matter.

Jury Selection and Trial for Defendant Dylan Heatherly (a.k.a. "Daniel Sotherland"), and Co-Defendants Scott Lane (a.k.a. "NYC Perv"), Bruce Edgecombe (a.k.a. "."), and William Staples (a.k.a. "Bill Simpson") is presently

scheduled to commence on September 18, 2017 at 9:30 a.m.  Pretrial Motions are

due on July 21, 2017.

## II.    The Superseding Indictment.

Count 11 of the Superseding Indictment charges Defendant Heatherly with

Conspiracy: Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2)

and (b)(1).  With respect to Count 11, the Superseding Indictment alleges:

> From on or about April 11, 2014 to on or about May 11, 2016, in the
> Middle District of Pennsylvania, and elsewhere,...Dylan Heatherly
> [and 13 co-defendants] did combine, conspire, confederate, and agree
> together and with others...to receive and distribute any visual
> depiction using any means and facility of interstate and foreign
> commerce, and the production of such visual depiction involved the
> use of a minor engaging in sexually explicit conduct and the visual
> depiction is of such conduct.

(Doc. 143 at 14-15).

With respect to Count 12, related to Aiding and Abetting: Sexual

Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and 2, the

Superseding Indictment alleges:

> From on or about April 11, 2014 to on or about May 11, 2016, in the
> Middle District of Pennsylvania, and elsewhere, the defendants,
> ...Dylan Heatherly [and 13 co-defendants] aided and abetted by each
> other, did knowingly receive and distribute any visual depiction using
> any means and facility of interstate and foreign commerce, and the
> production of such visual depiction involved the use of a minor
> engaging in sexually explicit conduct and the visual depiction is of
> such conduct.

(Doc. 143 at 16).

Count 13 of the Superseding Indictment charges Defendant Heatherly with

Conspiracy: Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d),

and alleges:

> From on or about April 11, 2014 to on or about May 11, 2016, in the
> Middle District of Pennsylvania, and elsewhere, the defendants,
> ...Dylan Heatherly [and 13 co-defendants] did combine, conspire,
> confederate, and agree together and with others...to knowingly
> publish a notice and advertisement seeking and offering to receive,
> exchange, produce, display, and distribute a visual depiction, the
> production of which involved the use of a minor engaging in sexually
> explicit conduct, and which depiction was of such conduct and such
> notice was transported using any means and facility of interstate and
> foreign commerce.

(Doc. 143 at 18-19).

Count 17 of the Superseding Indictment charges Defendant Heatherly with

Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d), and alleges:

> On or about July 22, 2015, in the Middle District of Pennsylvania,
> and elsewhere, ... Dylan Heatherly... knowingly published a notice
> and advertisement seeking and offering to receive, exchange,
> produce, display, and distribute a visual depiction, the production of
> which involved the use of a minor engaging in sexually explicit
> conduct, and which depiction was of such conduct and such notice
> was transported using any means and facility of interstate and foreign
> commerce.

(Doc. 143 at 23).

3

With respect to Counts 11, 12, 13, and 17, and each of the fourteen (14) other counts charged in the Superseding Indictment, the Government has not alleged in the Superseding Indictment the specific facts and circumstances giving rise to the offenses charged.  The Superseding Indictment also fails to include an introduction to the counts setting forth the facts and circumstances of the investigation or the alleged criminal conduct that occurred.  As to Counts 11, 12 and 13, the Government alleges in the Superseding Indictment that the offenses occurred from on or about April 11 to on or about May 11, 2016 in the Middle District of Pennsylvania, elsewhere.  The Superseding Indictment is devoid of any description of how the offenses were committed, or of the overt acts that were committed in furtherance of the conspiracies.  Count 17 alleges that Defendant Heatherly's offense occurred on or about July 22, 2015 in the Middle District of Pennsylvania, and elsewhere, but fails to provide any description of the specific facts and circumstances underlying the offense.

## III.    Discussion.

### A.    Legal Standard.

A motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B) tests the sufficiency of an indictment.  The Sixth Amendment commands that the accused in a criminal prosecution "be informed of the nature and cause of the

accusation." U.S. Const. amend. VI. An indictment must be "a plain, concise and

definite written statement of the essential facts constituting the offense charged."

Fed. R. Crim. P. 7(c)(1). In United States v. Huet, 665 F3.d 588 (3d Cir. 2012),

the Third Circuit set forth the standard for evaluating the sufficiency of an

indictment as follows:

> [A]n indictment is facially sufficient if it (1) contains the elements of
> the offense intended to be charged, (2) sufficiently apprises the
> defendant of what he must be prepared to meet, and (3) allows the
> defendant to show with accuracy to what extent he may plead a
> formal acquittal or conviction in the event of a subsequent
> prosecution. ([N]o greater specificity then the statutory language is
> required so long as there is sufficient factual orientation to permit a
> defendant to prepare his defense and invoke double jeopardy. United
> States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)(quoting United
> States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)). Generally, an
> indictment will satisfy these requirements where it informs the
> defendant of the statute he is charged with violating, lists the
> elements of a violation under the statute, and specify the time period
> during which the violations occurred.

Id. at 595.

"It is generally sufficient that an indictment set forth the offense in

the words of the statute itself, as long as 'those words of themselves fully, directly,

and expressly, without any uncertainty or ambiguity, set forth all the elements

necessary to constitute the offence intended to be punished.'" Hamling v. United

States, 418 U.S. 87, 117-18 (1974). "The indictment may incorporate the words of

the statute to set forth the offense, but the statutory language 'must be

accompanied with such a statement of the facts and circumstances as will inform

the accused of the specific offense, coming under the general description, with

which he is charged.'" United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993)

(quoting Hamling, 418 U.S. at 117-18) (emphasis added).  The U.S. Attorneys'

Criminal Resource Manual explains:

> "[t]he indictment and information must contain sufficient detail to
> adequately apprise the defendant of the nature of the charges against
> him. The drafter must afford the defendant not only a document that
> contains all of the elements of the offense, whether or not such
> elements appear in the statute, but one that is sufficiently descriptive
> to permit the defendant to prepare a defense, and to invoke the double
> jeopardy provision of the Fifth Amendment, if appropriate."

U.S. Attorneys' Criminal Resource Manual, 214. Drafting Indictments and

Informations, available at:

https://www.justice.gov/usam/criminal-resource-manual-214-drafting-indictments-

and-informations (emphasis added).

## B.    Argument.

## Lack of Specificity

In the instant matter, the Superseding Indictment merely recites the statutory

language without any statement of the facts and circumstances that would inform

Defendant Heatherly of the factual basis for the specific offenses for with which

he is charged.  Defendant Heatherly submits that the mere recitation of the statutory language is inadequately descriptive to permit him to prepare his defense. See Russell v. United States, 369 U.S. 749 (1962) (holding that an indictment charging defendants with contempt of Congress was defective even though it tracked the statutory language).  In Russell, the Supreme Court stated "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."  Id. at 764.  Accordingly, the Government must do more than simply repeat the statutory language to ensure that Defendant Heatherly is apprised of the specific allegations against him.[1]  As the Supreme Court has explained, the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18.

_____

[1]This argument differs from the Third Circuit's holding in United States v. Cochran, 17 F.3d 56 (3d Cir. 1994).  Cochran is readily distinguishable from the case *sub judice* because the issue in that case was whether the language of the statute contained in the indictment was sufficient to establish the scienter requirement, and not whether the facts as set forth in the indictment were sufficiently specific.

Moreover, the Superseding Indictment is so vague, indefinite, and uncertain that Defendant Heatherly cannot invoke the double jeopardy provision of the Fifth Amendment, if appropriate.  The Superseding Indictment merely recites the statutory language without identifying the specific offense that was allegedly committed by Defendant Heatherly.  At Counts 11, 12, and 13, the Superseding Indictment claims the offenses were committed during a window of more than two (2) years, and states that the offenses were committed in the Middle District of Pennsylvania, and elsewhere.  Defendant Heatherly submits that this description is far too ambiguous in terms of both time and location.  It is unclear whether Defendant Heatherly's alleged violations in Counts 11, 12, and 13 are based upon the alleged criminal conduct charged at Count 17, or any other transaction that allegedly occurred between April 11, 2014 and May 11, 2016.  Such uncertainty renders Defendant Heatherly unable to invoke the Fifth Amendment's double jeopardy protection in the future, if applicable.  See Russell, 369 U.S. at 763-64.

The proper remedy for a defective indictment where the factual allegations are inadequately specific is dismissal.  Counts 11 and 13 of the Superseding Indictment allege that Defendant Heatherly participated in a conspiracy to sexually exploit children, but provide no detail as to the alleged plan to receive and distribute child pornography.  Count 12 alleges that Defendant Heatherly aided

and abetted others in receiving and distributing child pornography, but provides

no further explanation other than the words of the statute itself.

In <u>Yefsky</u>, the First Circuit held that a mail fraud conspiracy depends so

heavily on the underlying fraud that the indictment must specify the nature of the

fraud.  In this case, the Superseding Indictment's allegations of a child

pornography conspiracy must, at a minimum, specify the nature of the alleged

conspiracy.  <u>Yefsky</u>, 994 F.2d at 893-94.  For the same reason, the allegations

contained in Count 12, that Defendant Heatherly aided and abetted others in the

Sexual Exploitation of Minors, are fatally deficient.  There is no indication as to

the manner in which the perpetrators assisted one another.  A cursory review of the

Superseding Indictment merits dismissal in its entirety.  Defendant Heatherly asks

this Honorable Court to hold the Government to the same level of specificity that

was required in <u>Yefsky</u> and <u>Russell</u>.

Finally, dismissal of the Superseding Indictment is appropriate because the

indictment cannot be cured by a bill of particulars.  "[I]t is a settled rule that a bill

of particulars cannot save an invalid indictment."  <u>Russell</u>, 369 U.S. at 770.  To

allow the Government to clarify its allegations through a bill of particulars would

deprive Defendant Heatherly of the basic protection that indictment by a Grand

Jury is designed to secure. Accordingly, for the reasons stated above, Defendant Heatherly respectfully requests that this Honorable Court dismiss the Superseding Indictment.

## Failure to State Offenses Charged

In the alternative, even if this Honorable Court finds that the Superseding Indictment was sufficiently specific, Defendant Heatherly respectfully moves for dismissal because the Superseding Indictment fails to state an offense.  The Third Circuit has held that a defendant may move to dismiss the indictment if it contains one or more charges that do not fit within the statutory definition.  United States v. Hedaithy, 392 F.3d 580, 586 (3d Cir. 2004).

With respect to Counts 11, 12, 13, and 17, the Government alleges in the Superseding Indictment that Defendant Heatherly's violations were related to "visual depictions."  However, the Discovery provided by the Government illustrates that the sole source of Defendant Heatherly's alleged criminal conduct is a July 22, 2015 live depiction of Co-Defendant Augusta engaging in sexual acts with a minor.  The Government appears to allege that Defendant Heatherly violated 18 U.S.C. § 2251(d) and 18 U.S.C. § 2252(a)(2) and (b)(1) by participating in a video conference chat room where Co-Defendant Augusta was unilaterally transmitting this video.

10

18 U.S.C. § 2256(5) provides definitions for Chapter 110 – Sexual

Exploitation and Other Abuse of Children, and defines the term "visual depiction"

as:

> undeveloped film and videotape, data stored on computer disk or by
> electronic means which is capable of conversion into a visual image,
> and data which is capable of conversion into a visual image that has
> been transmitted by any means, whether or not stored in a permanent
> format;

18 U.S.C.A. § 2256(5).  Inherent in this definition is the requirement that some

data file must actually exist, regardless of whether it is stored in a permanent

format.

Here, Homeland Security Investigations (HSI) Special Agents executed a

search warrant on Defendant Heatherly's residence on April 5, 2016.  During the

search, HSI Special Agents seized as evidence: one (1) desktop computer, two (2)

laptop computers, two (2) external hard drives, three (3) Apple iPhones, one (1)

Apple iPod, one (1) Apple iPad, two (2) thumb drives, one (1) compact flash card,

and five (5) CDs/DVDs.  Each of the systems/devices were subsequently analyzed

by HSI Special Agents.  After a thorough analysis of Defendant Heatherly's

systems/devices, HSI Special Agents were unable to locate any permanent or

temporary files related to the July 22, 2015 alleged incident.

Unlike 18 U.S.C. § 2251(a), which includes "transmitting a live visual depiction . . .", 18 U.S.C. § 2252(a)(2) and (b)(1) do not criminalize the activity that took place on July 22, 2015 as it relates to Defendant Heatherly. Defendant Heatherly submits that the live depictions transmitted by Co-Defendant did not constitute a "visual depiction" because even if he 'streamed' a video, as alleged, it would not result in a file that was stored on his computer in a permanent, temporary, or other format. For this reason, Counts 11 and 12 of the Superseding Indictment must be dismissed because "live depictions" cannot form the basis of violations of 18 U.S.C. § 2252(a)(2) and (b)(1).

Similarly, Counts 13 and 17 must be dismissed because allegations that Defendant Heatherly was present in a chat room where Co-Defendant August unilaterally transmitted a video of him engaging in sexual conduct with a minor are insufficient to establish that a violation of 18 U.S.C. § 2251(d). Unlike 18 U.S.C. § 2251(a), which includes "transmitting a live visual depiction . . .", § 2251(d) does not criminalize conduct for "live depictions." It merely discusses "visual depictions", which under the definition provided in 18 U.S.C.A. § 2256(5), must be stored on a computer disk or electronic means, whether or not stored in a permanent format. 18 U.S.C.A. § 2256(5). Assuming *arguendo*, that Defendant Heatherly did 'stream' the video transmitted by Co-Defendant Augusta, it did not

12

result in a file that was stored on his computer. Accordingly, Defendant Heatherly respectfully requests this Honorable Court to dismiss Counts 13 and 17 because the "live depictions" that he is alleged to have been involved with cannot form the basis of violations of 18 U.S.C § 2251(d).

Counts 9 and 10 do specifically refer to "live visual depictions" in alleging violations of 18 U.S.C. § 2251(a). (Doc. 143 at 12-13). However, Defendant Heatherly is not charged in Counts 9 or 10. Id. Nor does the Superseding Indictment contain any allegations with respect to Defendant Heatherly for live visual depictions. (Doc. 143). If the Government intended to prosecute Defendant Heatherly for viewing live depictions, they should have alleged those particular violations. However, they chose not to.

The Superseding Indictment further fails to state an offense because it does not state the method or means utilized by Defendant Heatherly and/or his co-conspirators to carry out the alleged conspiracies. After reviewing the relevant Discovery materials, it appears that the Government is alleging that Defendant Heatherly and his co-conspirators utilized the Zoom Video Conferencing application ("Zoom") to send and receive child pornography, and to publish child pornography. However, the Superseding Indictment fails to state that Defendant

13

Heatherly and his co-conspirators utilized Zoom, and does not describe the manner in which Zoom was utilized.  The Discovery suggests that Defendant Heatherly was present in a chat room in the Zoom application where child pornography was unilaterally transmitted by Co-Defendant Augusta, but there is little to suggest that Defendant Heatherly's participation in the production of child pornography exceeded his presence in the chat room (other than his alleged comments). Moreover, there is no indication that Defendant Heatherly knew his alleged co-conspirators, or had entered into an agreement with them before child pornography was unilaterally transmitted by Co-Defendant Augusta.  Accordingly, Defendant Heatherly respectfully submits that the Superseding Indictment's failure to allege a greater level of participation than mere presence in the Zoom chat room renders it fatally deficient.

## Failure to State Offense of Conspiracy

Similarly, Defendant Heatherly submits that the allegations contained in the Superseding Indictment are fatally deficient because they are insufficient to establish that Defendant Heatherly 'knowingly' exchanged pornography or published said materials.  The Discovery suggests that Defendant Heatherly was present in a Zoom chat room where child pornography was unilaterally disseminated by Co-Defendant Augusta.  Mere presence in a chat room where

14

child pornographic materials are being exchanged does not necessary evidence that Defendant Heatherly knew said materials were being exchanged or published, or that he conspired to "exchange" or "publish" them. Accordingly, the Superseding Indictment is fatally deficient and must be dismissed.

Assuming *arguendo* that the Government could show that Defendant Heatherly agreed to receive child pornography from Co-Defendant Augusta and the other co-conspirators, it appears that the relationship was limited to that of a "buyer-seller" type of relationship. "It is well-settled that a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). "[A] conspiracy requires an agreement to commit some other crime beyond the crime constituted by the agreement itself." United States v. Kozinski, 16 F.3d 795, 808 (7th Cir. 1994). Here, the evidence suggests that this was a one-time transaction.

Defendant Heatherly did not personally know his alleged co-conspirators, and the Government has not alleged that he previously conversed or exchanged child pornography with them. Absent any prior or contemporaneous

understanding between Defendant Heatherly and his co-conspirators beyond the initial alleged receipt of child pornography, the allegations contained in the Superseding Indictment are insufficient to establish that Defendant Heatherly was a member of any conspiracy.  Accordingly, Defendant Heatherly respectfully requests this Honorable Court to dismiss the Superseding Indictment.

## IV.    Conclusion.

Defendant Heatherly respectfully submits that the Superseding Indictment is deficient because it is insufficiently specific to permit him to prepare his defense or to invoke the double jeopardy provision of the Fifth Amendment.  Although tracking the statutory language may be appropriate in some instances, more specificity is required in this case given the alleged conspiracies and accomplice theory asserted.  Absent any evidence to suggest that this agreement was more than a buyer-seller relationship, the allegations are legally insufficient to state the offense of conspiracy.  Moreover, the Superseding Indictment fails to explain the manner in which Defendant Heatherly is alleged to have aided and abetted others in receiving and distributing child pornography.  Finally, the Superseding Indictment is deficient because Defendant Heatherly's alleged criminal conduct is not contemplated by the specific offenses charged.  In light of the foregoing, Defendant, Dylan Heatherly respectfully requests this Honorable Court to grant

his Motion to Dismiss Indictment.

Respectfully submitted,

Dated:  July 21, 2017                    /s/ Robert J. Daniels
                                         Robert J. Daniels , Esquire
                                         Attorney I.D. # 83376
                                         Killian & Gephart, LLP
                                         218 Pine Street
                                         P. O. Box 886
                                         Harrisburg, PA  17108-0886
                                         (717) 232-1851

## <u>CERTIFICATE OF SERVICE</u>

On this date, I hereby certify that I served the foregoing document on the

following using the CM/ECF system:

> Meredith Taylor, Esquire
> Assistant U.S. Attorney
> 228 Walnut Street, Suite 220
> P.O. Box 11754
> Harrisburg, PA   17108-1754


> Respectfully submitted,


Dated:   July 21, 2017                    /s/ Robert J. Daniels
> Robert J. Daniels , Esquire
> Attorney I.D. # 83376
> 218 Pine Street
> P. O. Box 886
> Harrisburg, PA  17108-0886
> (717) 232-1851

18