IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:16-CR-82 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WILLIAM STAPLES | : | Electronically Filed |

ORAL ARGUMENT REQUESTED

---

### BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Mr. Staples joins in the Motions to Dismiss filed by Defendants Lane and Heatherly as well as the Briefs in Support of those Motions. Mr. Staples is charged in Counts 11-13 and 16. Count 16 is only alleged against Mr. Staples and is not addressed in the codefendants' Motions and Briefs. Accordingly, and for the convenience of the Court, Mr. Staples incorporates by reference the Motions and Briefs of Defendants Heatherly and Edgecombe and addresses only Count 16 below.

### I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On or about May 11, 2016, an eighteen (18) count Superseding Indictment was returned charging fifteen (15) defendants, including William Staples, a.k.a. "Bill Simpson," at Count 11 with Conspiracy: Sexual Exploitation of Minors, in

violation of 18 U.S.C. § 2252(a)(2) and (b)(1); at Count 12 with Aiding and Abetting: Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and 2; at Count 13 with Conspiracy: Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d); and at Count 16 with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d). The Superseding Indictment also included a Notice of Forfeiture. (Doc. 143).

Counts 11-13 are detailed in the Motions to Dismiss and Briefs in Support by Defendants Lane and Heatherly, and Mr. Staples joins those Motions and Briefs. Count 16 of the Superseding Indictment charges Defendant with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(d), and alleges:

> On or about July 22, 2015, in the Middle District of Pennsylvania, and elsewhere, . . . William Staples . . . knowingly published a notice and advertisement seeking and offering to receive, exchange, produce, display, and distribute a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, and which depiction was of such conduct and such notice was transported using any means and facility of interstate and foreign commerce.

(Doc. 143 at 23.) Count 16 alleges that Defendant's offense occurred on or about July 22, 2015 in the Middle District of Pennsylvania, and elsewhere, but fails to provide any explanation of the specific facts and circumstances underlying the offense.

Jury Selection and Trial for Defendant William Staples (a.k.a. "Bill Simpson"), and Co-Defendants Scott Lane (a.k.a. "NYC Perv"), Bruce

Edgecombe, and Dylan Heatherly (a.k.a. "Daniel Sotherland") is presently scheduled to commence on September 18, 2017 at 9:30 a.m. Pursuant to an Order issued by the Court on February 9, 2017, Pretrial Motions are due by July 21, 2017.

## II. ARGUMENT

A motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B) tests the sufficiency of an indictment. The Sixth Amendment commands that the accused in a criminal prosecution "be informed of the nature and cause of the accusation." U.S. Const. amend. VI. An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). In *United States v. Huet*, 665 F3.d 588 (3d Cir. 2012), the Third Circuit set forth the standard for evaluating the sufficiency of an indictment as follows:

> [A]n indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a formal acquittal or conviction in the event of a subsequent prosecution. *Id.* at 321. ([N]o greater specificity then the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy. *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)(quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation

under the statute, and specify the time period during which the violations occurred.

*Id.* at 595.

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117-18 (1974). "The indictment may incorporate the words of the statute to set forth the offense, but the statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) (quoting *Hamling*, 418 U.S. at 117-18). The U.S. Attorneys' Criminal Resource Manual explains:

> [t]he indictment and information must contain sufficient detail to adequately apprise the defendant of the nature of the charges against him. The drafter must afford the defendant not only a document that contains all of the elements of the offense, whether or not such elements appear in the statute, but one that is sufficiently descriptive to permit the defendant to prepare a defense, and to invoke the double jeopardy provision of the Fifth Amendment, if appropriate.

U.S. Attorneys' Criminal Resource Manual, 214. Drafting Indictments and Informations, available at: https://www.justice.gov/usam/criminal-resource-manual-214-drafting-indictmentsand-informations.

4

Count 16 merely recites the statutory language without any statement of the facts and circumstances that would inform Defendant of the specific offense with which he is charged. Here, mere recitation of the statutory language is insufficiently descriptive to permit him to prepare his defense. *See Russell v. United States*, 369 U.S. 749 (1962) (holding that an indictment charging defendants with contempt of Congress was defective even though it tracked the statutory language). In *Russell*, the Supreme Court stated "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id*. at 764. Clearly, the Government must do more than simply repeat the statutory language to ensure that Defendant is apprised of the specific allegations against him.

Moreover, Count 16 is so vague, indefinite, and uncertain that Defendant cannot invoke the double jeopardy provision of the Fifth Amendment, if appropriate. The Superseding Indictment recites the statutory language without identifying the specific offense that was allegedly committed by Defendant. It is unclear whether Count 16 is based upon the same conduct that is charged in Counts 11-13, nor does Count 16 state which of Mr. Staples' alleged comments in the internet chat room were the purported "notice and advertisement." Such

uncertainty renders Defendant unable to invoke the Fifth Amendment's double jeopardy protection.

Defendant anticipates that the Government will present *United States v. Cochran*, 17 F.3d 56 (3d Cir. 1994), to justify its decision not to include any factual basis for the allegations set forth in the Superseding Indictment. In *Cochran*, the Third Circuit denied a defendant's challenge to the sufficiency of his indictment, which tracked the statutory language of 18 U.S.C. § 2252. *Id.* at 61. In *Cochran*, the issue was whether the language of the statute contained in the indictment was sufficient to establish the scienter requirement, and not whether the facts as set forth in the indictment were sufficiently specific. *Id.* The Court was never asked to rule upon the adequacy of the facts of the indictment. Therefore, the Third Circuit's holding in *Cochran* cannot be applied to this case.

Further, Defendant respectfully submits that dismissal of Count 16 is appropriate because the indictment cannot be cured by a bill of particulars. "[I]t is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770. To allow the Government to clarify its allegations through a bill of particulars would deprive the Defendant of the basic protection that indictment by a Grand Jury is designed to secure. Accordingly, Defendant respectfully requests this Honorable Court to dismiss Count 16, as well as the other counts in

the Superseding as further explained in the Motions and Briefs of Defendants Heatherly and Lane.

### III.  CONCLUSION

For the foregoing reasons, Mr. Staples respectfully requests that the Superseding Indictment be dismissed.

Respectfully submitted,

Date:  July 21, 2017

/s/ M. Jason Asbell
**M. Jason Asbell**
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA  17606
PH: (717) 291- 1700 / FAX: (717) 291-5547
Email: *jasbell@gkh.com*
Attorney for William Staples

## CERTIFICATE OF SERVICE

I, M. Jason Asbell, do hereby certify that I have this 21st day of July, 2017, served the foregoing Brief in Support of Motion to Dismiss upon the following counsel of record via the ECF filing system:

Meredith Taylor, Esq.
Austin Berry, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street
Harrisburg, PA 17108

/s/ M. Jason Asbell
**M. Jason Asbell**
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606
PH: (717) 291- 1700 / FAX: (717) 291-5547
Email: *jasbell@gkh.com*
Attorney for William Staples